UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GROW'S MARINE, INC. and
BABBITT'S SPORTS CENTER, LLC,

   Plaintiffs,

v.                Case No. 1:08-CV-1120

AMERICAN HONDA MOTOR CO., INC.,   HON. GORDON J. QUIST

   Defendant.
_____/

## OPINION

  Plaintiffs, Grow's Marine, Inc. ("Grow's") and Babbitt's Sports Center, LLC ("Babbitt's"), have sued Defendant, American Honda Motor Co., Inc. ("AHM"), alleging claims of violation of the Michigan Dealer Act ("MDA"), M.C.L. § 445.1561, *et seq.*, and tortious interference with a contract and/or advantageous business relationship.[1] All claims arise out of AHM's refusal to approve Babbitt's as a replacement Honda dealer for Grow's. Count I of the first amended complaint alleges a claim for a declaratory judgment that AHM violated the MDA, and Counts II and III allege claims for damages under the MDA for Grow's and Babbitt's, respectively. Finally, Counts IV and V each allege a tortious interference claim for Grow's and Babbitt's.

  AHM has moved for partial summary judgment on the portion of Count I as it relates to Babbitt's and Count III, alleging Babbitt's claim for damages under the MDA, on the basis that

---

[1] Grow's filed its initial complaint in the Muskegon County Circuit Court on October 29, 2008. AHM removed the case to this Court on December 1, 2008, alleging diversity jurisdiction as the basis for removal. The original complaint alleged only claims for violation of the MDA. At some point before the removal, Grow's filed a first amended complaint to add Babbitt's as a Plaintiff and to add the tortious interference claims.

Babbitt's is not an existing new motor vehicle dealer and thus lacks standing to sue under the MDA. AHM also seeks summary judgment on the tortious interference claims alleged in Counts IV and V on the basis that under its dealer agreement with Grow's, it has the right to reject a proposed transfer of ownership and thus cannot be held liable for tortious interference. Grow's has filed a motion for summary judgment on Counts I and II, arguing that there is no genuine issue of material fact that AHM violated the MDA. Although Grow's has requested oral argument on its motion, the Court concludes that oral argument would not be helpful on these particular motions.

For the reasons set forth below, the Court will grant AHM's motion and deny Grow's motion.

## BACKGROUND

In 2003, Grow's became an authorized Honda dealer for the sale and service of Honda motorcycles, all terrain vehicles, and motor scooters in the Muskegon, Michigan area. The Sales and Service Agreement that the parties executed provides that AHM must consent in writing before Grow's can transfer the Honda dealership to a new owner or new management. On October 1, 2007, Grow's and Babbitt's signed a Purchase Agreement, pursuant to which Grow's agreed to sell and Babbitt's agreed to buy Grow's Honda and Yamaha franchises. At that time, Babbitt's was already a Kawasaki, Polaris, Arctic Cat, and Bombardier powersports competitor in the Muskegon area. The Purchase Agreement recognized that the sale was contingent upon approval of all manufacturers for the dealerships being sold.

On October 16, 2007, Grow's submitted the Purchase Agreement to AHM for its review and consideration. On October 17, 2007, AHM sent Babbitt's principal, Eddie Babbitt, a letter and various forms that Babbitt's would have to complete in order for AHM to consider the request for approval. AHM received the application forms and other information from Babbitt's on November

15, 2007, but the material was incomplete. (Nicholson Aff. ¶ 5.) AHM sent a letter to Babbitt's on November 19, 2007, requesting additional information and documents that were required for consideration of the application. (*Id.*) Babbitt's furnished the additional information on December 14, 2007. (*Id.* ¶ 6.) On February 8, 2008, AHM sent a letter to Grow's by Federal Express and fax rejecting Grow's proposed transfer to Babbitt's. On February 11, 2008, Babbitt's sent additional information to AHM requesting that AHM reconsider its rejection of the transfer, but AHM did not reverse its decision.

On July 9, 2008, AHM sent a letter to Grow's confirming that Grow's wished to submit a new proposal regarding Grow's proposed transfer of the dealership to Babbitt's. The new proposal called for Babbitt's to operate the Honda dealership from a different location than the one identified in the previous proposal. (*Id.* ¶ 9.) On July 9, Richard G. Sly, on behalf of Grow's, sent a letter to AHM stating that Babbitt's was not proposing a new location and renewing its request that AHM approve the previous proposal. (*Id.* ¶ 10.) On July 23, 2008, AHM sent a letter to Grow's confirming that Grow's wanted AHM to review the proposed transfer of the Honda dealership to Babbitt's. (*Id.* ¶ 11.) The following day, AHM sent a letter to Babbitt's identifying the documents and information that AHM would need to review the proposed transfer. (*Id.* ¶ 12.) Babbitt's furnished the requested information and documents to AHM on August 4, 2008. On October 3, 2008, AHM sent a letter by Federal Express and fax denying the proposed transfer and stating its reasons for the denial. Thereafter Grow's filed the instant lawsuit.

DISCUSSION[2]

*AHM's Motion for Summary Judgment*

As noted above, AHM seeks summary judgment on Babbitt's claims under the MDA, which are set forth in Count I (claim for declaratory judgment by both Grow's and Babbitt's) and Count III, in which Babbitt's seeks damages under the MDA. AHM contends that these claims must be dismissed because Babbitt's does not meet the definition of a "new motor vehicle dealer" under the MDA and thus lacks standing to assert a claim under that statute. AHM also seeks summary judgment on the tortious interference claims asserted by Grow's and Babbitt's in Counts IV and V on the ground that AHM is not a third party to the Purchase Agreement and thus cannot be liable for tortious interference.

Turning first to the tortious interference claims, Grow's has not responded to AHM's motion, and Babbitt's concedes in its response that AHM is a party to the Purchase Agreement (for purposes of giving written approval to the transfer). Indeed, as AHM correctly argues, the Sixth Circuit's decision in *Cook v. Little Caesar Enterprises, Inc.*, 210 F.3d 653 (6th Cir. 2000), forecloses a tortious interference claim in this case. In *Little Caesar*, the court of appeals affirmed the district court's grant of summary judgment to defendant on the plaintiff's tortious interference claim because, as in the instant case, the franchise agreements gave the defendant-franchisor the right to approve or disapprove any sale of the franchises by the plaintiff-franchisee, and the purchase agreement conditioned the transaction upon approval by the defendant-franchisor. *See id.* at 659. The court held that because the defendant was a party to the contract, the plaintiff could not establish that the defendant was a "third party." *Id.* at 660. Here, as in *Little Caesar*, because AHM is a party

---

[2]Because the Court and the parties are familiar with the applicable summary judgment standard, the Court finds it unnecessary to repeat it here.

to the Purchase Agreement by reason of the requirement that AHM consent to the transaction, there is no basis for a tortious interference claim. Therefore, Counts IV and V will be dismissed.

With regard to Babbitt's claims under the MDA, the Michigan Court of Appeals has held that the MDA affords standing to existing new motor vehicle dealers such as Grow's but not to prospective new motor vehicle dealers such as Babbitt's. *See Pung v. Gen. Motors Corp.*, 226 Mich. App. 384, 387, 573 N.W.2d 80, 81-82 (1997) (noting that the "legislative scheme . . . clearly reflects a legislative intent to protect existing dealerships, but not prospective new dealers"). Babbitt's does not dispute that it lacks standing to sue under the MDA. It argues, however, that it is a required party under Federal Rule of Civil Procedure 19(a)(1)(B)(i) based upon Grow's request in Count I for an order requiring AHM to make Babbitt's a dealer.

Contrary to Babbitt's argument, Babbitt's is not a necessary party. Federal Rule of Civil Procedure 19(a) provides, in relevant part:

> (a) Persons Required to Be Joined if Feasible.
>    (1)   Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> . . . .
>
>    (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>       (i)   as a practical matter impair or impede the person's ability to protect the interest . . . .

Fed. R. Civ. P. 19(a)(1)(B)(i).

Babbitt's is not a necessary party because it fails to articulate a sufficient interest in the subject of the action to render it a necessary party. Although Babbitt's refers to "its interest," it does not precisely articulate what that interest is. Nonetheless, it is apparent that Babbitt's interest is

5

merely financial – ensuring that its purchase of the Honda dealership is consummated. This is insufficient because "a financial stake in the outcome of the litigation is not a legally protected interest giving rise to [Rule 19(a)(2)] necessity." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 883 (9th Cir. 2004). *See also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387-88 (2d Cir. 2006) (holding that Visa was not a necessary party to litigation between MasterCard and the organizing body of the World Cup soccer tournament concerning MasterCard's alleged right of first refusal for sponsorship rights because "Visa's problems here are due to FIFA's alleged actions, not Visa's absence from this litigation"); *Southeastern Pa. Transp. Auth. v. Pa. Pub. Util. Comm'n*, 210 F. Supp.2d 689, 718 (E.D. Pa. 2002) (stating that "the interest held by the allegedly necessary party 'must be legally protected, and must be more than a mere financial interest'") (quoting *Coregis Ins. Co. v. Wheeler*, 180 F.R.D. 280, 283 (E.D. Pa. 1998)). Babbitt's has failed to demonstrate that it has a legally protected interest in the subject of this litigation. In fact, as Babbitt's concedes, it does not have statutory standing to assert a claim under the MDA – the sole basis of Grow's declaratory judgment claim in Count I. Moreover, the entire basis of Babbitt's argument is wrong: nowhere in Count I does Grow's request specific performance through an order directing AHM to make Babbitt's a dealer. And, even if Count I included such a request, Babbitt's interest is insufficient to render it a necessary party. Thus, the Court will grant AHM summary judgment on all of Babbitt's claims and dismiss Babbitt's as a party.

### *Grow's Motion for Partial Summary Judgment*

Grow's contends that it is entitled to summary judgment on its MDA claims alleged in Counts I and II. Specifically, Grow's contends that there is no issue of material fact that AHM violated: (1) Section 14(1)(l), M.C.L. § 445.1574(1)(l), which requires a manufacturer to "respond

6

in writing to a request for consent to a sale, transfer, or exchange of a dealership within 60 days after receipt of a written application from the new motor vehicle dealer," and deems a failure to timely respond as consent to the transaction; (2) Section 14(1)(k), M.C.L. § 445.1574(1)(k), which prohibits a manufacturer from "[u]nreasonably withhold[ing] consent to a sale, transfer, or exchange of the dealership to a qualified buyer"; and (3) Section 14(1)(m), M.C.L. § 445.1574(1)(m), which prohibits a manufacturer from "[u]nfairly prevent[ing] a new motor vehicle dealer from receiving reasonable compensation for the value of the new motor vehicle dealership." In support of its motion, Grow's submits an affidavit from Edward Babbitt, a member of Babbitt's who was in charge of the acquisition of Grow's Honda franchise. In addition, Grow's submits the February 8, 2008, and October 3, 2008, letters from AHM denying Grow's request for consent.

With regard to the claim under Section 14(1)(l), Grow's contends that it is entitled to a declaration that AHM is deemed to have consented to the transfer to Babbitt's because Babbitt's submitted its application materials to AHM on November 17, 2007, and AHM did not issue a written denial until February 8, 2008, more than 60 days later. Grow's also says that Babbitt's submitted documents and information to AHM on February 11, 2008, but that AHM did not respond until October 3, 2008, also more than 60 days after AHM received all necessary information from Babbitt's. In response to the motion, AHM submits an affidavit from Steve Nicholson, AHM's Manager, Sales Network Administration for AHM's Motorcycle Division, who states that Babbitt's did not provide all required information to AHM until December 14, 2007. (Nicholson Aff. ¶ 6.) If this were the case, AHM's February 8, 2008, denial would have been timely. Nicholson further states that the additional information Babbitt's submitted in February 2008 did not cause AHM to reconsider its previous denial. In addition, Nicholson states in July 2008, AHM understood that Grow's and/or Babbitt's would be submitting a new proposal for AHM to review and that on July

7

24, 2008, AHM sent a letter to Babbitt's identifying the information AHM needed for the review. (*Id.* ¶¶ 11, 12.) AHM did not receive this information until August 4, 2008. (*Id.* ¶ 13.) If this additional information were, in fact, part of a new application, then AHM's October 3, 2008, denial would have been timely. Given Nicholson's affidavit, the Court concludes that Grow's has failed to show the absence of a genuine issue of material fact with regard to whether AHM's denial of consent was untimely under the MDA. Based upon AHM's evidence, a reasonable jury could conclude that AHM provided a timely response to Grow's request for consent.

Grow's also contends that it is entitled to summary judgment on its claims that AHM violated Sections 14(1)(k) and (m) of the MDA by unreasonably withholding consent to the transfer. Grow's argues that AHM did not reveal its minimum square footage requirements until after the first denial and that Babbitt's thereafter submitted revised plans that more than met AHM's requirements. Grow's further argues that AHM's other reasons for denying consent are subjective and cannot be supported by any facts. In response to this portion of Grow's motion, AHM submits an affidavit from Daniel Wright, the Senior Manager-National Field Sales for AHM's Motorcycle Division, who was involved in AHM's decisions to deny Babbitt's applications. Wright states that, among other things, Babbitt's proposed floor space for the sale and service of Honda products failed to satisfy AHM's minimum square footage requirements, (Wright Aff. ¶ 6); that Babbitt's business plan was deficient because Babbitt's did not intend to increase the size of its sales staff, even though Honda's and Yamaha's combined market share in the Muskegon market was 38%, (*id.* ¶ 7); and Babbitt's had no plan to increase its advertising budget and would not commit to doing any advertising exclusively for Honda products, (*id.*). Wright also states that AHM was concerned about Babbitt's plan to sell parts and accessories on the internet because such sales would deprive other Honda dealers of the opportunity to sell parts and accessories and was contrary to AHM's desire to have

8

Honda dealers promote the sale and service of Honda products in the markets where they are located. (*Id.* ¶ 8.)

Grow's arguments in support of its motion may be persuasive to a jury, but the Court concludes that Wright's affidavit creates a genuine issue of material fact as to whether AHM's refusal to consent was reasonable or unreasonable. Given AHM's asserted reasons for denying consent, the trier of fact should be permitted to hear all of the evidence. Moreover, many of Grow's assertions are unsupported by evidence. For example, Grow's argues that a comparison of Babbitt's resource plan with Grow's resource plan in place at the time of the requested transfer refutes AHM's claim that Babbitt's would not adequately promote sales of Honda products, but Grow's fails to present either plan for the Court to review. Similarly, Grow's states that "it should be noted that Babbitt's efforts in promotion far exceed that of Grow's for the years preceding the transfer," (Pl.'s Br. Supp. at 14), but it fails to present any admissible evidence in support of this claim.

## Conclusion

For the foregoing reasons, the Court will grant AHM's motion for partial summary judgment and deny Grow's motion for summary judgment.

An Order consistent with this Opinion will be entered.

Dated: April 9, 2010                                  /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE